Richard P. Herman     SBN: 053743
LAW OFFICE OF RICHARD P. HERMAN
P. O. Box 53114
Irvine, CA 92619
Telephone: 714-547-8512
Facsimile:  949-209-2693
Email:rherman@richardphermanlaw.com

Nicholas P. Kohan    SBN: 257134
DICKSON KOHAN BABLOVE LLP
1101 Dove Street  Ste 220
Newport Beach, CA 92660
Telephone: 949-535-1341
Facsimile:  949-535-1449
Email:  nkohan@dkblawyers.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Caroline Gibson, Anthony Powell, James Kilroy, Edward Barela,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Orange, a Governmental Entity; Sheriff Don Barnes, Individually; Deputy Thomas, Individually, Deputy Robinson, Individually; Deputy T. Carillo Individually,  and DOES 1-50.<br><br>        Defendants. | CASE NO:<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, TELEPHONE, BANE ACT, FEDERAL AND STATE CONSTITUTION AND LAWS FOR DAMAGES**.<br><br>*JURY TRIAL DEMANDED* |

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343(a)(3)&(a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq §§42 U.S.C. §1983, and §1985

COMPLAINT
1

for violations of the U.S Constitution and First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

2. Pursuant to supplemental jurisdiction, the attendant and related causes of action all arise from the same nucleus of operative facts and the same transactions as the aforementioned claims.

3. Venue is proper as all facts and circumstances which form the basis of the allegations made therein occurred within the County of Orange in the State of California.

### Claim for Relief

4. This is a lawsuit seeking relief for many violations of the Federal and State Constitutions and Federal and State Laws in the Orange County Jail. The investigation into the underlying facts began with the discovery in *The People vs. Josh Waring* that, despite a Court Order for unmonitored telephone calls, Mr. Waring's calls were being monitored, recorded and given to the Orange County District Attorney's Office.

5. The investigation of this gross miscarriage of justice and abuse of authority revealed an extensive pattern and practice within the Orange County Jails of the deliberate indifference for human life, decency and the constitutional and statutory rights of inmates.

6. This toxic and inhumane culture in the jail continues to exist only with

the direct knowledge, consent, direction and ratification of Sheriff Barnes whose action and inaction, both as under-Sheriff and Sheriff, actually and proximately caused the death of numerous prisoners as follows: Christopher Louis Mariano, 12-7-18; Ngoc Dung Nguyen, 3-11-19; Alejandro Alvarez, 03-15-19; Justin Bryan Perkins, 10-27-18; Lisa Janice Martinez, 7-31-18; Rene Rome Donahue, 8-6-18; Jose Albert Aguirre, 1-31-19; Ian Elliot Tompko, 6-23-18; Ray Anthony Cruz, 6-26-18; Infant Jane Doe, 11-12-18 – Fetus, 20 weeks old; Fetus of inmate Ciera S., 5-12-18; Infant Jane Doe, 8-11-18 24 weeks old; Rodney Daniels, 4-20-18; Phillip Diaz, 7-23-18; Terral Magee, 3-12-18; Christopher Eisinger, 3-10-18; Cristobal Solano, 5-1-18; Reenal Prasad, 6-13-18; Kevin Morris, 2-11-18; Mikeee John Illiano, 11-22-17; and Tony Rudd 1-21, 2018, Kirk Price, 01-19-2020. This toxic culture was perpetuated and began with Sheriff Hutchens when she was the sheriff of Orange County and has continued with Sheriff Barnes.

7.   Defendant County of Orange, hereinafter also referred to as "County of Orange" or "County", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8.   Defendants DOES 1 through 50, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official employee of defendant County of Orange, who in some way committed some or all

of the tortious actions (and Constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to Plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to Plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by Plaintiff.

9. At all times complained of herein, DOES 1 through 50, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or special officers and/or supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and /or dispatchers employed by Defendant County of Orange, and were acting in the course of and within the scope of their employment with defendant County of Orange.

10. Defendants DOES 1 through 50, inclusive, are sworn peace officers and/or Supervisors and/or commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other supervisory personnel (such as ) and or/ policy making and/ or final policy making officials, employed by the County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by Plaintiffs in this action, such as via supervisory liability (i.e. failure properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop

unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usage of the County of Orange : 1) For wrongfully killing persons;  2) For using excessive/unreasonable force on persons;  3) For unlawful seizing persons;  4) For unlawful searching and seizing persons and their personal property;  5) For falsely asserting and falsely imprisoning persons;  6) For fabricating/ destroying/ concealing/ altering/ withholding/ evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) For interfering with persons' and/or otherwise violating persons 'constitutionally protected right to free speech; 8) For denying civil rights by threats, fear, and oppression;  9)   For coving-up unlawful and tortious conduct by the County of Orange personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the Plaintiffs in this action.

  11. Plaintiffs are presently unaware of the identities of DOES 1 through 50, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiffs.

12. In addition to the above and forgoing, Defendants DOES 1 through 50, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the Plaintiffs of their Federal Constitutional and Statutory rights, as Complained of in this action, and acted in joint and concerted action to so deprive Plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C §1983, and otherwise in violation of United States (Constitutional and Statutory Law).

13. Said conspiracy/agreement/understanding/ plan/scheme/joint action/ concerted action, above-referenced, was a proximate cause of the violation of the Plaintiffs federal and state constitutional and statutory rights, as complained herein.

## FIRST CLAIM

### CAROLINE GIBSON INDIVIDUALLY

### (AGAINST COUNTY OF ORANGE, SHERIFF BARNES, DEPUTY ROBINSON, AND DOES 1-50).

14. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

15. Caroline Gibson was a prisoner in the Orange County Jail. On August 2, 2019 or August 3, 2019 she attempted to protect a mentally ill prisoner in MOD K from bullying. She was attacked by three (3) inmates and not

assisted or protected by Deputy Robinson who was aware of the attack.

16. Thereafter she feared for her safety and asked Deputy Robinson, in tears, to transfer her to another housing location, but was refused.

17. About August 19, 2019 or August 20, 2019, Caroline Gibson was jumped from behind by three inmates who severely beat her causing lacerations, bruises, a contusion to the back of the head, also migraines and vertigo which are continuing evidencing a concussion and brain damage.

18. At that time she was in severe pain but was not hospitalized, only taken to the infirmary for 48 hours (no x-rays, MRI, even though she explained that she had previous neck surgery).

19. The aforementioned actions and inactions including violated State and Federal law including the Eighth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983 and the Bane Act.

20. In and around late August 2019, Caroline Gibson filed grievances regarding these events and injuries. The County has summarily ignored those grievances.

21. Plaintiff Caroline Gibson, filed her claim for damages against the County of Orange, pursuant to the California Tort Claims Act, Cal .Gov't Code §900 et seq., within the statutory time frame and has been denied.

COMPLAINT
7

# SECOND CLAIM

## CAROLINE GIBSON INDIVIDUALLY

## (AGAINST COUNTY OF ORANGE, SHERIFF BARNES, AND DOES 1-50 FOR LACK OF GRIEVANCE SYSTEM)

22. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

23. At all times there was no operative grievance system nor any recourse to provide for Caroline Gibson safety or the safety of the prisoner who was being bullied, resulting in her injuries as set out above.

# THIRD CLAIM

## CAROLINE GIBSON INDIVIDUALLY AGAINST COUNTY OF ORANGE AND DOES 1-50 (BANE ACT).

24. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

25. At all times Caroline Gibson lived in fear of assault and violence from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act.

# FOURTH CLAIM

## JAMES KILROY INDIVIDUALLY AND ANTHONY POWELL (AGAINST COUNTY OF ORANGE, SHERIFF DON BARNES, DEPUTY T. CARILLO, AND DOES 1 THROUGH 50 FOR DAMAGES)

26. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations contained in this complaint.

27. James Kilroy was a prisoner in the Orange County Jails. On November 16, 2019 in the Theo Lacy Facility of the Orange County jails Deputy T. Carillo sexually assaulted him by squeezing his testicles, and inserting a finger in his anus and commenting on his genitals.

28. This was sexual assault, battery, violation of James Kilroy's constitutional and civil rights, Federal and State Statutes, right to privacy and caused pain, emotional distress, mental anguish, fear of further assaults and retaliation for the grievance he filed.

29. The aforementioned actions and inactions violated State and Federal law including the Fourteenth Amendment, First Amendment Right to Privacy, Fourth Amendment from Freedom excessive force 42 U.S.C. § 1983.

30. Plaintiff Kilroy filed his claim for damages against the County of Orange, pursuant to the California Tort Claims Act, Cal Gov't Code §900 et seq., within the statutory time frame and it is now denied.

# FIFTH CLAIM

## JAMES KILROY INDIVIDUALLY

## (AGAINST SHERIFF DON BARNES, DEPUTY T. CARILLO, AND DOES 1-50 (BANE ACT).)

31. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

32. At all times James Kilroy lived in fear of assault from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act.

# SIXTH CLAIM

## TELEPHONE CALL VIOLATIONS BY THE CLASS OF ALL PERSONS WHOSE PRIVACY RIGHTS WERE VIOLATED AGAINST DEFENDANTS ORANGE COUNTY SHERIFFS AND DOES 1-50

33. Plaintiffs re-allege and incorporate by reference, as if fully set forth again herein, all of the foregoing paragraphs.

34. Plaintiff James Kilroy's Private telephone calls to Attorneys, friends, and relatives were recorded and listened to, in spite of his expectation of privacy.

# SEVENTH CLAIM

# SEXUAL ASSAULT AND BATTERY AGAINST DEFENDANT DEPUTY CARILLO

35. Plaintiffs re-allege and incorporate by reference, as if fully set forth again herein, all of the foregoing paragraphs.

36. On November 16, 2019 Defendant Deputy Carillo sexually assaulted and battered James Kilroy.

# EIGHTH CLAIM

# ANTHONY POWELL INDIVIDUALLY

# (AGAINST COUNTY OF ORANGE, SHERIFF BARNES, SHERIFF HUTCHENS, DEPUTY THOMAS, AND DOES 10-20).

37. Plaintiffs re-allege and incorporate by reference, as if fully set forth again herein, all of the foregoing paragraphs.

38. On March 28, 2019 Anthony Lee Powell, was a prisoner in the Orange County Jail and was sexually assaulted and battered by Deputy Thomas on the third-floor dorm B7 Main Men's Jail, 550 N. Flower Street, Santa Ana, California.

39. Under the guise of a "strip search" Deputy Thomas painfully squeezed Plaintiff Powell's testicles and also inserted a finger up his anus also causing him

pain; both acts were committed three times after which Plaintiff Anthony Lee Powell refused to be further sexually assaulted and was thrown in the hole for this refusal.

40. Both a grievance and a personnel complaint were filed but the Sheriff, his employers "cleared" Deputy Thomas and refused to reprimand him for his use of excessive force and wanton violation of rights.

41. Wherefore Anthony Lee Powell suffered pain, sexual assault, battery, humiliation and emotional distress, and will continue to suffer from this sexual abuse in the future.

42. The aforementioned actions and inactions including violated State and Federal law including Fourteenth Amendment, 42 U.S.C. § 1983.

43. Plaintiff Kilroy filed his claim for damages against the County of Orange, pursuant to the California Tort Claims Act, Cal Gov't Code §900 et seq., within the statutory time frame and it has been rejected.

## NINTH CLAIM

## EDWARD BARELA, AS AN INDIVIDUAL AGAINST (COUNTY OF ORANGE, SHERIFF DON BARNES, AND DOES 20 to 30 ( FOR CIVIL RIGHTS).)

44. Plaintiffs re-allege and incorporate by reference, as if fully set forth again herein, all of the foregoing paragraphs.

45. Plaintiff Edward Barela, was a prisoner in the Orange County jails. He sought treatment for painful dental issues. The treatment was delayed, without adequate pain medication for thirty days until the teeth had to be pulled.

46. Plaintiff is informed and believes, and thereon alleges, that Defendant County refuses to provide, authorize, obtain or schedule any dental treatment other than pulling teeth. In other words, Defendant County ignored Plaintiff Barela's requests for dental treatment until the pain was excruciating and his dental condition deteriorated such that pulling teeth was the only option.

47. As a result of this Plaintiff Edward Barela's two front teeth were pulled and he suffers from this disfigurement and he suffers pain and mental anguish because of this injury and continues to suffer mental distress.

48. The aforementioned actions and inactions including failing to provide immediate and necessary medical treatment violated State and Federal law including Fourteenth Amendment, right to medical care 42 U.S.C. § 1983.

49. Plaintiff is informed and believes, and thereon alleges, that all of the aforementioned actions and inactions are the custom, policy and procedure of Defendant County in relationship to inmates who need dental treatment at the Jail.

50. Plaintiff Barela filed his claim for damages against the County of Orange, pursuant to the California Tort Claims Act, Cal Gov't Code §900 et seq., within the statutory time frame and it has been denied.

COMPLAINT
13

# TENTH CLAIM

## EDWARD BARELA, AS AN INDIVIDUAL AGAINST (COUNTY OF ORANGE, SHERIFF DON BARNES, (FOR GRIEVANCES).)

51. Plaintiffs re-allege and incorporate by reference, as if fully set forth again herein, all of the foregoing paragraphs.

52. Barela was in pain for an unnecessary period of time until his teeth were pulled in violation of his First Amendment rights to petition the government and Fourteenth Amendment and Eighth Amendment rights to a grievance system.

# ELEVENTH CLAIM

## AGAINST (COUNTY OF ORANGE, SHERIFF DON BARNES, AND DOES 1 to 50 (DENIAL OF IMMEDIATELY NECESSARY MEDICAL CARE).)

53. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations contained in this complaint.

54. Edward Barela was in pain. He required immediately care to his teeth to relieve the pain and prevent further damage to his teeth.

55. Instead, Defendants 1-50; Sheriff Don Barnes and the County of Orange failed to provide immediately necessary medical care to alleviate Edward Barela's pain and to prevent further injury and deterioration of his teeth.

## TWELFTH CLAIM

## EDWARD BARELA INDIVIDUALLY (AGAINST COUNTY OF ORANGE, SHERIFF BARNES, AND DOES 1-50 (BANE ACT).)

56.  Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

57.  At all times Edward Barela lived in fear of assault and violence from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act.

## PRAYER

**WHEREFORE** Plaintiffs pray that this Court award damages and provide relief as follows:

I.  For relief for a constitutional adequate grievance system does not yet exist in the OCJ.

1. For mental health care (ADA);

2. For the individual Plaintiffs, and each of them, all damages, compensatory, general, statutory, and punitive damages;

3. For attorney's fees and costs of suit pursuant to all applicable law including 42 U.S.C. §1988 and Cal Civ. Code §52 and §54.

4. And for all other appropriate and just relief.

DATED: July 10, 2020               Respectfully submitted,

_____
RICHARD P. HERMAN
NICHOLAS KOHAN
ATTORNEYS FOR PLAINTIFFS

**JURY TRIAL DEMANDED**

DATED: July 10, 2020               Respectfully submitted,

_____
RICHARD P. HERMAN
NICHOLAS KOHAN
ATTORNEYS FOR PLAINTIFFS