1                                                        **O**

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  CAROLINE GIBSON,                Case No. 8:20-cv-01232-JWH-DFMx
ANTHONY POWELL,
12  JAMES KILROY, and
EDWARD BARELA,            **MEMORANDUM OPINION**
13                        **REGARDING DEFENDANTS'**
          Plaintiffs,            **MOTION TO DISMISS (ECF**
14                        **No. 16)**
    v.
15
COUNTY OF ORANGE, a
16    Governmental Entity;
SHERIFF DON BARNES,
17    Individually;
DEPUTY THOMAS, Individually;
18  DEPUTY ROBINSON, Individually;
DEPUTY T. CARILLO, Individually;
19    and
DOES 1-50,
20
          Defendants.
21

22

23

24

25

26

27

28

Before the Court is the Motion to Dismiss of Defendants County of Orange, Sheriff Don Barnes, Deputy Thomas, Deputy Robinson, and Deputy T. Carillo.[1]  The Court finds that the Motion is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition, the Court will **GRANT** the Motion **with leave to amend**.

## I.  PROCEDURAL BACKGROUND

Plaintiffs Caroline Gibson, Anthony Powell, James Kilroy, and Edward Barela filed a Complaint[2] against Defendants on July 10, 2020, alleging the following 12 claims for relief:

**Claim 1:**  Violation of Gibson's Eighth and Fourteenth Amendment rights, brought under 42 U.S.C. § 1983 and the Bane Act (Cal. Civ. Code § 52.1(b)), against the Barnes, Robinson, Orange County, and the Doe Defendants;

**Claim 2:**  Lack of a grievance system, in violation of Gibson's unspecified rights, against Barnes, Orange County, and the Doe Defendants;

**Claim 3:**  Violation of Gibson's Bane Act rights, against Orange County and the Doe Defendants;

**Claim 4:**  Violation of Kilroy and Powell's First, Fourth, and Fourteenth Amendment rights, brought under 42 U.S.C. § 1983 and the Bane Act, and tortious conduct, brought under the California Tort Claims Act (Cal. Gov't Code §§ 900 *et seq.*[3]) (the "CTCA"), against Barnes, Carillo, Orange County, and the Doe Defendants;

---

[1]     Defs.' Mot. to Dismiss [ECF No. 16] and Mem. in Supp. (the "Motion") [ECF No. 16-1].

[2]     *See* Pls.' Compl. (the "Complaint") [ECF No. 1].

[3]     Plaintiffs have pleaded this claim in this manner, *see* Complaint ¶ 40; however, the CTCA is properly cited as Cal. Gov't Code §§ 810 *et seq.*

**Claim 5:**  Violation of Kilroy's Bane Act Rights, against Barnes, Carillo, and the Doe Defendants;

**Claim 6:**  Violation of the expectation of privacy of Kilroy and a class of persons, brought under the CTCA, against Orange County Sheriffs [*sic*] and the Doe Defendants;

**Claim 7:**  Sexual assault and battery of Kilroy, brought under the CTCA, against Carillo;

**Claim 8:**  Violation of Powell's Fourteenth Amendment rights, brought under 42 U.S.C. § 1983, and tortious conduct, brought under the CTCA, against Barnes, Thomas, Orange County, the Doe Defendants, and a Sheriff Hutchens;[4]

**Claim 9:**  Violation of Barela's Fourteenth Amendment rights, brought under 42 U.S.C. § 1983, and tortious conduct, brought under the CTCA, against Barnes, Orange County, and the Doe Defendants;

**Claim 10:**  Violation of Barela's First, Eighth, and Fourteenth Amendment rights, against Barnes and Orange County;

**Claim 11:**  Denial of medical care to Barela, against Barnes, Orange County, and the Doe Defendants; and

**Claim 12:**  Violation of Barela's Bane Act rights, against Barnes, Orange County, and the Doe Defendants.

On September 2, 2020, Defendants filed this Motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[5]  Defendants included with their moving papers a Request for Judicial Notice.[6]  Plaintiffs opposed the Motion on September 14, 2020,[7] and Defendants filed their reply on

---

[4]    Sheriff Hutchens is not properly a party in this case, as discussed in more detail in Part IV.E.1, *infra*.

[5]    *See* Motion.

[6]    Defs. Req. for Judicial Notice (the "<u>RJN</u>") [ECF No. 16-2].

[7]    Pls.' Opp'n to Defs.' Motion (the "<u>Opposition</u>") [ECF No. 17].

September 21, 2020.[8]  On September 25, 2020, this case was transferred to this Court.[9]

## II.  FACTUAL ALLEGATIONS

Plaintiffs allege the following facts, which the Court assumes to be true for the purposes of this Motion.  *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (on motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party"):

**A.    Plaintiff Caroline Gibson**

On August 2 or 3, 2019, three inmates attacked Orange County Jail prisoner Gibson while she protected another prisoner.[10]  Defendant Robinson was aware of the attack, but Robinson did not protect Gibson or grant her transfer request.[11]  On August 19 or 20, 2019, three inmates attacked Gibson, causing her injuries including lacerations, bruising, a concussion, and brain damage.[12]  Gibson was taken to the infirmary, but she not given x-rays or an MRI, despite her history of neck surgery.[13]  There is no operative grievance system to protect Gibson, and she continues to fear assault and lack of protection from prisoners and guards.[14]

**B.    Plaintiff James Kilroy**

On November 16, 2019, Defendant Carillo assaulted Kilroy, a prisoner in the Theo Lacy Facility of the Orange County jail system, by squeezing Kilroy's

---

[8]     Defs.' Reply in Supp. of Motion (the "Reply") [ECF No. 18].
[9]     *See* Order of the Chief Judge (#20-123) [ECF No. 23].
[10]    Complaint ¶ 15.
[11]    *Id.* ¶¶ 15 & 16.
[12]    *Id.* ¶ 17.
[13]    *Id.* ¶ 18.
[14]    *Id.* ¶ 23 & 25.

testicles and inserting a finger into his anus.[15]  Kilroy fears assault and lack of protection from prisoners and guards.[16]  The Orange County Sheriffs record and listen to Kilroy's private telephone calls to attorneys, family, and friends.[17]

### C.   **Plaintiff Anthony Powell**

On March 28, 2019, Defendant Thomas assaulted Powell, a prisoner at the Main Men's Jail of the Orange County Jail System, by squeezing Powell's testicles and inserting a finger in his anus, causing him pain.[18]  When Powell protested, he was placed in solitary confinement.[19]  Powell filed a grievance and a personnel complaint, which yielded no results.[20]

### D.   **Plaintiff Edward Barela**

Barela, an Orange County jail prisoner, sought treatment for dental pain.[21] Defendant Orange County denied Barela pain medication and delayed his treatment until his teeth had to be pulled.[22]  Barela suffers from pain and mental anguish because his two front teeth are gone.[23]

### III.  LEGAL STANDARD

### A.   **Request for Judicial Notice**

Pursuant to the Federal Rules of Evidence, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).  An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the

---

[15]     *Id.* ¶ 27.
[16]     *Id.* ¶ 32.
[17]     *Id.* ¶ 34.
[18]     *Id.* ¶¶ 38 & 39.
[19]     *Id.* ¶ 39.
[20]     *Id.* ¶ 40.
[21]     *Id.* ¶ 45.
[22]     *Id.* ¶ 45 & 46.
[23]     *Id.* ¶ 47.

1    territorial jurisdiction of the trial court, or (2) capable of accurate and ready
2    determination by resort to sources whose accuracy cannot reasonably be
3    questioned." Fed. R. Evid. 201(b). Documents referenced in a complaint may
4    be incorporated by reference, even if not provided by the plaintiff. *United States*
5    *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not
6    attached to a complaint, it may be incorporated by reference into a complaint if
7    the plaintiff refers extensively to the document or the document forms the basis
8    of the plaintiff's claim.").

9    **B.    Rule 12(b)(1)**

10   Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian*
11   *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules
12   of Civil Procedure allows parties to move to dismiss a complaint for lack of
13   subject matter jurisdiction. When a defendant makes a Rule 12(b)(1) motion,
14   the burden of establishing subject matter jurisdiction rests upon the party
15   asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

16   "Without jurisdiction the court cannot proceed at all in any cause.
17   Jurisdiction is power to declare the law, and when it ceases to exist, the only
18   function remaining to the court is that of announcing the fact and dismissing the
19   cause." *Ex parte McCardle,* 74 U.S. 506, 514 (1868). Thus, the Court must
20   address any questions regarding its jurisdiction before reaching the merits of the
21   Motion. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). "If the
22   court determines at any time that it lacks subject-matter jurisdiction, the court
23   must dismiss the action." Fed. R. Civ. P. 12(h)(3).

24   **C.    Rule 12(b)(6)**

25   Under Rule 12(b)(6), a party may make a motion to dismiss for failure to
26   state a claim upon which relief can be granted. Rule 12(b)(6) must be read in
27   conjunction with Rule 8(a), which requires a "short and plain statement of the
28   claim showing that a pleader is entitled to relief," in order to give the defendant

1   "fair notice of what the claim is and the grounds upon which it rests." *Bell*

2   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Horosny v. Burlington*

3   *Coat Factory, Inc.*, No. CV 15-05005 SJO (MRWx), 2015 WL 12532178, at *3

4   (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6) motion, a court

5   must accept all material allegations in the complaint—as well as any reasonable

6   inferences to be drawn from them—as true and must construe them in the light

7   most favorable to the non-moving party.  *See, e.g.*, *Doe v. United States*, 419 F.3d

8   1058, 1062 (9th Cir. 2005).  "While a complaint attacked by a Rule 12(b)(6)

9   motion to dismiss does not need detailed factual allegations, a plaintiff's

10  obligation to provide the 'grounds' of his 'entitlement to relief' requires more

11  than labels and conclusions, and a formulaic recitation of the elements of a cause

12  of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).  Rather, the

13  allegations in the complaint "must be enough to raise a right to relief above the

14  speculative level."  *Id.*

15      Generally, "a district court should grant leave to amend even if no request

16  to amend the pleading was made, unless it determines that the pleading could

17  not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

18  1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks and citation

19  omitted).

20                    **IV.  DISCUSSION**

21  **A.    Request for Judicial Notice**

22      Defendants request judicial notice[24] of the following documents from the

23  docket of another case that was pending in this district, *Moon v. County of*

24  *Orange*, Case No. 8:19-CV-00258-JVS (DFMx) ("*Moon*"):

25  •    Pl.'s Compl. against Barnes and Orange County (the "*Moon* Complaint")

26       [RJN, Ex. 1];

27

28  ²⁴    *See* Defs.' Request for Judicial Notice in Supp. of Motion [ECF No. 16-2].

- Order Striking Pls.' First Am. Compl. [RJN, Ex. 2];
- Pls.' First Am. Compl. (the "*Moon* FAC") [RJN, Ex. 3];
- Defs.' Mot. to Dismiss the FAC under Rule 12(b)(6) the FAC [RJN, Ex. 4];
- Defs.' Mot. to Dismiss the FAC for Misjoinder [RJN, Ex. 5];
- Order Granting Defs.' Mots. to Dismiss (the "*Moon* FAC Dismissal Order") [RJN, Ex. 6];
- Pls.' Second Am. Compl. (the "*Moon* SAC") [RJN, Ex. 7];
- Defs.' Mot. to Dismiss the SAC [RJN, Ex. 8];
- Order Granting Defs.' Mot. to Dismiss (the "*Moon* SAC Dismissal Order") [RJN, Ex. 9];
- Pls.' Third Am. Compl. (the "*Moon* TAC") [RJN, Ex. 10];
- Defs.' Mot. to Dismiss the TAC (the "*Moon* TAC MTD") [RJN, Ex. 11]; and
- Order Granting Defs.' Mot. to Dismiss (the "*Moon* TAC Dismissal Order") [RJN, Ex. 12].

Docket entries from related cases are proper subjects for judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiffs do not oppose the RJN. The Court therefore will **GRANT** the RJN and will take notice of the documents referenced above.

**B. _Res Judicata_**

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Id.* at 1052 (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

-8-

Defendants argue that the doctrine of *res judicata* bars all claims in the Complaint because the *Moon* litigation contained claims identical to those alleged in the Complaint; the *Moon* dismissal with prejudice acted as a final decision on the merits; and there was privity between parties.[25]  Plaintiffs respond that a dismissal for misjoinder is not a dismissal on the merits sufficient to trigger *res judicata*.[26]  Plaintiffs do not oppose Defendants' contentions that privity of parties and identity of claims exist sufficient for *res judicata* potentially to apply.

### 1.    The *Moon* Litigation

On February 8, 2019, Orange County Jail prisoner Mark Moon filed a complaint in the Central District of California against Barnes and Orange County for mistreatment while Moon was incarcerated.[27]  Moon amended his pleading on September 9, 2019, adding as plaintiffs Barela, Powell, and Gibson, among others, and as defendants Thomas and Robinson, among others.[28]  On November 4, 2019, the court—Judge James V. Selna, presiding—dismissed Barnes as a defendant, dismissed Gibson as a plaintiff, and dismissed most claims for relief.[29]

On December 16, 2019, plaintiffs including Moon, Barela, Powell, Gibson, and Kilroy filed the *Moon* SAC against Orange County, Barnes, Thomas, and Robinson.[30]  (The only party to the current action missing from the *Moon* SAC

---

[25]      Motion at 10-17.

[26]      Opposition at 2.  Plaintiffs' arguments are at times difficult to comprehend because counsel has declined to use quotation marks to denote direct citation to authorities or to include all case citations.  Plaintiffs' counsel is admonished to comply with all rules of punctuation and citation in all of their future submissions to the Court.

[27]      *See Moon* Complaint.

[28]      *See Moon* FAC.

[29]      *Moon* FAC Dismissal Order at 5 & 13.

[30]      *See Moon* SAC.

was Carillo.)  On March 18, 2020, the *Moon* court dismissed Barnes as a defendant and dismissed plaintiffs Powell, Kilroy, Barela, and Gibson for improper joinder.[31]

On March 31, 2020, plaintiffs including Moon, Barela, Powell, Gibson, and Kilroy filed a Third Amended Complaint against Orange County and GTL Holdings, Inc.[32]  On June 10, 2020, the *Moon* court dismissed Barela, Powell, Kilroy, and Gibson with prejudice.[33]

### 2.   Finality of Claims

The *Moon* court first dismissed Plaintiffs from the *Moon* SAC without prejudice "pursuant to FRCP 20 and 21."[34]  Rule 20(a)(1) of the Federal Rules of Civil Procedure defines who may be joined as plaintiffs in an action.  Rule 21, which governs dismissal for misjoinder, provides: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."

In the *Moon* case, when plaintiffs' counsel failed to remove plaintiffs from the *Moon* TAC, defendants urged that court to dismiss plaintiffs under Rule 41(b).[35]  Rule 41(b) allows a court to dismiss a plaintiff from a case with prejudice for violating a court order:

> (b) If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this

---

[31]   *Moon* SAC Dismissal Order at 5 & 10.
[32]   *See Moon* TAC.
[33]   *Moon* TAC Dismissal Order at 9.
[34]   *Moon* SAC Dismissal Order at 10.
[35]   *Moon* TAC MTD at 4.

1  rule—except one for lack of jurisdiction, improper venue, or failure
2  to join a party under Rule 19—operates as an adjudication on the
3  merits.
4  The *Moon* court dismissed plaintiffs from that action "with prejudice," but it
5  did not specify the Rule under which it did so.[36]

6  In summary: the *Moon* court dismissed the instant Plaintiffs from that
7  action ***with*** prejudice for violating its earlier order dismissing them ***without***
8  prejudice. This Court's job is to determine whether that second dismissal
9  operates as an adjudication on the merits for the purposes of *res judicata*. No
10  party has cited any authority on this precise issue, and the Court could find
11  none.[37] It is therefore a question of first impression before this Court.

12  Defendants' argument—that the *Moon* court's dismissal with prejudice is
13  a final judgment on the merits—is strong. The Court's analysis begins with the
14  legal definition of "dismissed with prejudice:" "removed from the court's
15  docket in such a way that the plaintiff is foreclosed from filing a suit again on the
16  same claim or claims." *Dismissed with Prejudice*, BLACK'S LAW DICTIONARY
17  (11th ed. 2019). Additionally, the Supreme Court has held that a dismissal with
18  prejudice under Rule 41(b) bars a plaintiff from refiling in the same court.
19  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Under
20  this authority, the *Moon* court permanently ended its plaintiffs' day in court
21  when it dismissed their claims with prejudice for failure to follow its order on
22  misjoinder.

23  However, upon closer inspection, Defendants' contention that the *Moon*
24  court intended to prevent its plaintiffs' claims from ***ever*** being heard crumbles.
25  The *Moon* court dismissed plaintiffs from the *Moon* case because their counsel
26
27  [36]    *Moon* TAC Dismissal Order at 9.
28  [37]    Most of the parties' cited cases were inapposite; the Court discusses only those that directly bear on its analysis.

-11-

violated its order that they had been misjoined.  In other words, the *Moon* court never considered the merits of its plaintiffs' claims, beyond finding that they were dissimilar to the claims of the main plaintiffs.  That is not a judgment on the merits.  *See Judgment on the Merits*, BLACK'S LAW DICTIONARY (11th ed. 2019): "A judgment based on the evidence rather than on technical or procedural grounds."

Under English common law, a dismissal for misjoinder could not become a dismissal with prejudice.  7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1681 (3d ed. 2020) (outlining history of misjoinder under English common law).  Rule 21 codifies this history by allowing a court to dismiss parties for misjoinder only "on just terms."  The Ninth Circuit has interpreted this "just terms" standard by holding that a court may dismiss or sever claims under Rule 21 "as long as no substantial right will be prejudiced by the severance or dismissal."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  Thus, these authorities agree: misjoinder ought not permanently bar a plaintiff's claims.

Defendants remind the Court that the operative dismissal in the instant case is a Rule 41(b) dismissal, ***not*** a Rule 21 dismissal.[38]  Therefore, Defendants' argument goes, the requirement that a misjoinder dismissal be on "just terms" matters not; Plaintiffs are being punished not for misjoinder, but for their counsel's failure to follow a court order.  But it turns out that the underlying violation that motivates a court to dismiss a case under Rule 41(b) does matter.

Rule 41(b)'s instruction that a dismissal is on the merits unless otherwise stated has three explicit exceptions: dismissals for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19" are not considered to be dismissals on the merits.  Fed. R. Civ. P. 41(b).  The Supreme Court has

---

[38]   Reply at 4.

explained, however, that this category is not limited to those three exceptions, but, rather, that it should be read "as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Costello v. United States*, 365 U.S. 265, 285 (1961). *Costello* held that Rule 41(b) dismissals operate as adjudications on the merits only where "the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits." *Id.* at 287. This holding counsels against construing the *Moon* court's dismissal with prejudice as an adjudication on the merits, because at no point did the court require Defendants to litigate the merits of Plaintiffs' claims.[39]

A closer reading of *Semtek* supports this understanding. *Semtek* held that a dismissal with prejudice under Rule 41(b) operated as a dismissal on the merits for the purposes of *res judicata* in the same federal court when a claim was dismissed as untimely. *Semtek*, 531 U.S. at 505. Additionally, *Semtek* reads Rule 41(b) in conjunction with the Rules Enabling Act's requirement that the Rules "shall not abridge, enlarge or modify any substantive right." *Id.* at 503 (citing 28 U.S.C. § 2072(b)). This admonition is logical: a determination that a claim lies outside the statute of limitations **does** consider the merits of a case—or, at least, it considers whether that court will ever be able to hear the merits. It should prevent a plaintiff from asking the same court the same question a second time. Such an outcome does not abridge any substantive right; the statute of limitations itself abridges a plaintiff's right to recovery. By contrast, a dismissal for a failure to follow a court's ruling on joinder does not determine whether another court will be able to reach the merits of the underlying claim if properly

---

[39]    *See Moon* SAC Dismissal Order at 10 (dismissing Plaintiffs for improper joinder without reference to the merits of their underlying claims); *Moon* TAC Dismissal Order at 9 (dismissing Plaintiffs with prejudice without reference to the merits of their underlying claims).

presented in a separate case.  Allowing Plaintiffs to proceed with their claims here, therefore, follows the spirit of *Semtek*'s narrow holding.

Furthermore, the *Moon* court could not have intended its dismissal with prejudice to have claim-preclusive effects under Rule 41(b) because it did not conduct the prejudice analysis that the Ninth Circuit requires.  The Ninth Circuit instructs that "[b]efore imposing dismissal as a sanction, the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions . . . .  Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (citations omitted).  *Dahl* is perhaps the closest of any cited case to the instant situation: there the district court dismissed a plaintiff's claims with prejudice for repeated attorney misconduct, and the Ninth Circuit reversed.  Similarly, the *Moon* court dismissed its plaintiffs' claims because of their counsel's errors.  However, because the *Moon* court did not conduct the prejudice analysis that the Ninth Circuit requires, the Court declines to interpret the *Moon* dismissal as forever barring Plaintiffs here from asserting their claims in any court.  It seems far more likely that the *Moon* court wanted to prevent Plaintiffs from attempting to join the *Moon* litigation yet again.

The Court therefore declines to find that the *Moon* court's dismissal of Plaintiffs' claims with prejudice in the *Moon* TAC Dismissal Order was a final judgment on the merits sufficient for *res judicata* to apply.

## C.   CTCA Claims

The California Tort Claims Act, Cal. Gov't Code §§ 810 *et seq.*, authorizes limited governmental liability for injuries suffered as a result of the acts or omissions of public entities and their employees.  *See Renteria v. Juvenile*

1   *Justice Department of Corrections & Rehabilitation*, 135 Cal. App. 4th 903, 908

2   (2006).  Under the CTCA, a plaintiff may not maintain a personal injury action

3   for damages against a municipality unless (1) the plaintiff files a written claim

4   with the appropriate public entity within six months of the accrual of the alleged

5   cause of action; and (2) that claim has been rejected.  *See* Cal. Gov't. Code

6   §§ 911.2 & 945.4; *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1021

7   (2000).  "The purpose of the CTCA is to provide the public entity with notice

8   of the claim and sufficient information to allow it to investigate and settle the

9   matter, if possible, without litigation." *Id.*  Compliance with the CTCA's

10  procedural requirements is therefore "a necessary prerequisite to suing a public

11  agency." *Id.*; *see* Cal. Gov't Code §§ 815 & 945.4.

12      Defendants argue that Plaintiffs have not alleged facts sufficient to show

13  that Plaintiffs complied with the CTCA's exhaustion requirement.[40]  Plaintiffs

14  insist that they have met California's pleading requirements.[41]

15      Determining whether Plaintiffs have successfully alleged a CTCA claim

16  requires the Court first to divine which claims are CTCA claims.  Presenting a

17  CTCA claim requires an allegation of tortious action.  The following claims

18  allege tortious action on the part of Defendants:[42] Claim 4 (sexual assault,

19  battery, right to privacy, and infliction of emotional distress); Claim 6 (invasion

20  of privacy);[43] Claim 7 (sexual assault and battery); Claim 8 (sexual assault and

21

22

---

23  [40]    Motion at 17.

    [41]    Opposition at 6-7.

24  [42]    Although Claim 1 contains an allegation that Gibson filed administrative

25  CTCA claims, it avers no tortious action on the part of any Defendant, and,
    therefore, the Court does not construe Claim 1 as encompassing a CTCA claim.

26  [43]    The Court notes that the California constitution also creates a right to
    privacy.  *See* Cal. Const. art. I, § 1.  However, the Court cannot determine

27  whether Plaintiffs intended to assert tort claims, state constitutional claims, or
    both, because Plaintiffs cite no law whatsoever in Claim 6.  Plaintiffs must

28  identify a legal basis for each claim in any amended or subsequent pleading.

1  battery and infliction of emotional distress); and Claim 9 (infliction of emotional
2  distress).[44]

3        Federal courts generally require a plaintiff to plead the dates on which her
4  administrative complaint was submitted and rejected, so that the Court can
5  adjudicate the CTCA's presentment requirement at the Motion to Dismiss
6  stage.  *See, e.g.*, *Bremer v. Cty. of Contra Costa*, No. 15-CV-01895-JSC, 2015 WL
7  5158488, at *4 (N.D. Cal. Sept. 2, 2015) (collecting cases); *Macias v. City of
8  Clovis*, No. 1:13-CV-01819-BAM, 2014 WL 3895061, at *8 (E.D. Cal. Aug. 4,
9  2014) (collecting cases); *Santa Ana Police Officers Ass'n v. City of Santa Ana*,
10  No. SACV 15-1280 DOC (DFMx), 2015 WL 13757346, at *5 (C.D. Cal. Dec. 2,
11  2015) (collecting cases).  Plaintiffs' single citation in opposition to this caselaw is
12  a 1931 California Court of Appeals case—*Ley v. Babcock*, 118 Cal. App. 525, 527
13  (1931)—that does not change this analysis.[45]  Plaintiffs' boilerplate allegations
14  that they have complied with the CTCA's administrative exhaustion
15  requirements include no dates, and they so do not meet this standard.[46]

16        The Court therefore will **GRANT** the Motion with respect to its
17  California Tort Claims Act argument and will **DISMISS** the following Claims
18  **with leave to amend**:  Claim 4 as to CTCA claims; Claim 6 in its entirety;
19  Claim 7 in its entirety; Claim 8 as to CTCA claims; and Claim 9 as to CTCA
20  claims.

21  **D.**   **Bane Act Claims**

22        The Bane Act, Cal. Civ. Code § 52.1, authorizes a claim for relief "against
23  anyone who interferes, or tries to do so, by threats, intimidation, or coercion,
24  with an individual's exercise or enjoyment of rights secured by federal or state
25  law."  *Sahymus v. Tulare Cty.*, No. 1:14–cv–01633–MCE–GSA, 2015 WL

---

26
27  [44]    Complaint ¶¶ 15-18, 24, 36, & 41.
    [45]    Opposition at 6-7.
28  [46]    Complaint ¶¶ 30, 43, & 50.

3466942, at *6 (E.D. Cal. June 1, 2015) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 331 (1998)).  A plaintiff who alleges a Bane Act claim "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion."  *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015).  "Speech alone is not sufficient to support [a Bane Act violation], except upon a showing that the speech itself threatens violence."  Cal. Civ. Code § 52.1(j).

"The Bane Act's requirement that interference with rights must be accomplished by threats, intimidation or coercion has been the source of much debate and confusion."  *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017), *as modified* (Nov. 17, 2017), *review denied* (Feb. 28, 2018) (alterations and quotation marks omitted); *see also K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 982 (N.D. Cal. 2016) ("Courts deciding whether the 'threat, intimidation or coercion' must be distinct from the alleged underlying constitutional or statutory violation have come out all over the map.").

A series of recent Ninth Circuit cases clarifies the applicable standard.  A plaintiff ***need not*** allege threats or coercion apart from the conduct that violates one's constitutional rights.  *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 519–20 (9th Cir. 2018).  In other words, "the use of excessive force can be enough to satisfy the Bane Act's 'threat, intimidation or coercion' element."  *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 801–02 (9th Cir. 2018) (citing *Cornell*, 17 Cal. App. 5th at 799).

However, a plaintiff must allege specific intent on the part of the defendants to violate the plaintiff's constitutional rights.  That is, "the Bane Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure . . .  But it is not necessary for the defendants to have been thinking in constitutional *or legal terms* at the time of the incidents, because a

reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-1045 (9th Cir. 2018) (emphasis in original) (citations omitted).

Defendants aver that the County is immune from liability under the Bane Act pursuant to Cal. Gov't Code § 844.6(a): "Notwithstanding any other provision of this part, . . . a public entity is not liable for:  (1) An injury proximately caused by any prisoner.  (2) An injury to any prisoner."[47]  Plaintiffs do not oppose this argument.  Multiple state and federal courts agree.  *See, e.g.*, *Cabral v. Cty. of Glenn*, 624 F. Supp. 2d 1184, 1193 (E.D. Cal. 2009) (dismissing Bane Act claim against municipality); *Quinones v. Cty. of Orange*, No. SACV 20-666 JVS (KESx), 2020 WL 5289923, at *4 (C.D. Cal. July 15, 2020) (similar); *Warren v. Cty. of Riverside*, No. ED CV 18-1280-DMG (SPx), 2019 WL 994021, at *5 (C.D. Cal. Jan. 4, 2019) (similar).

There is, however, "a narrow exception to that immunity." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013).  California law provides that public entities and employees ***are*** "liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6.  Public entities' liability is therefore restricted "to serious and obvious medical conditions requiring immediate care" where the public entity "intentionally or unjustifiably fails to furnish immediate medical care." *Germaine-McIver v. Cty. of Orange*, No. SACV 16-01201-CJC (GJSx), 2018 WL 6258896, at *17 (C.D. Cal. Oct. 31, 2018).  *See Valerie Arismendez v. Deputy Velasquez*, No. Cv 19-08767-Cjc (Skx), 2020 WL 6162819, at *10 (C.D. Cal. Aug. 28, 2020) (municipality is not immune under Cal. Gov't Code § 844.6(a)

---

[47]     *See* Motion at 19.

from Bane Act claim alleging deliberate indifference to prisoner's serious medical needs).

With this legal framework in mind, the Court analyzes each of Plaintiffs' four Bane Act claims in turn:

**Claim 1:**  Gibson alleges that Robinson's failure to protect her from attack and Robinson's refusal to transfer her violated the Bane Act.[48]  The Court will **DISMISS** the County from the Bane Act portion of this claim **without leave to amend**.  Furthermore, Gibson nowhere alleges that Robinson or Barnes threatened, intimidated, or coerced her.  The Court need not delve into the intricacies of the Bane Act in the absence of any allegations whatsoever of threats, intimidation, or coercion.  Gibson's argument that Robinson violated Gibson's Bane Act rights because "Robinson intended that Caroline Gibson be punished for standing up to the other prisoners who were abusing a vulnerable prisoner" does not create allegations of threats, intimidation, or coercion where there are simply none in the Complaint.[49]  The Court therefore will **DISMISS** the Bane Act portion of Claim 1 with respect to Barnes and Robinson **with leave to amend**.

**Claim 3:**  Gibson alleges that she "lived in fear of assault and violence from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act."[50]  This claim seems to rely on the same factual predicate as Claim 1.  The Court will **DISMISS** Claim 3 with respect to the County **without leave to amend**.  For the reasons stated above, the Court will **DISMISS** Claim 3 with respect to the Doe Defendants **with leave to amend**.

---

[48]     Complaint ¶ 19.

[49]     Opposition at 14:12-13.

[50]     Complaint ¶ 25.

**Claim 5**:  Kilroy alleges that he "lived in fear of assault from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act."[51]  The Court finds that Kilroy has plausibly stated a claim that Defendants used excessive force in his alleged sexual assault in violation of the Bane Act.  The Court further finds that Kilroy has plausibly alleged specific intent to do so by alleging that Defendants commented on his genitals.[52]  However, Claim 5 does not identify the federal or state statutory or constitutional right with which Barnes, Carillo, and/or the Doe Defendants attempted to interfere.  The Court will **GRANT** the Motion and will **DISMISS** Claim 5 **with leave to amend**.

**Claim 12**:  Barela alleges that he "lived in fear of assault and violence from prisoners and guards and of threats of lack of protection from violence by prisoners or guards in violation of the Bane Act."[53]  The Court finds that Barela's allegations of denial of medical care do not contain any threats, coercion, or intimidation in violation of the Bane Act.  However, because counties can be liable for Bane Act violations that involve denial of medical care, the Court will **DISMISS** Claim 12 **with leave to amend** with respect to all Defendants.

**E.    Section 1983 Claims**

So far, the Court has dismissed Claims 1, 4, 8, and 9 in part and Claims 3, 5, 6, 7, and 12 in their entirety.  The only claims and sub-claims left for discussion are the § 1983 claims in Claims 1, 2, 4, 8, 9, 10, and 11.

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

---

[51]    *Id.* ¶ 32.

[52]    *Id.* ¶ 27.

[53]    *Id.* ¶ 57.

-20-

Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress . . . .

"Section 1983 does not create any substantive rights, but is instead a vehicle by
which plaintiffs can bring federal constitutional and statutory challenges to
actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067
(9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege two
essential elements: (1) that a right secured by the Constitution or laws of the
United States was violated, and (2) that the alleged violation was committed by a
person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d
1178, 1185 (9th Cir. 2006) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)).

### 1. *Monell* Liability

"[U]nder § 1983, local governments are responsible only for their own
illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v.
Cincinnati*, 475 U.S. 469, 479 (1986)). Under *Monell v. Dep't of Soc. Servs.*, 436
U.S. 658 (1978), § 1983 liability attaches to a municipality or other local
government only where "the governmental body itself 'subjects' a person to a
deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."
*Connick*, 563 U.S. at 60 (quoting *Monell*, 436 U.S. at 692). Thus, "[r]espondeat
superior or vicarious liability will not attach under § 1983." *City of Canton v.
Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-695). Rather,
municipalities may be liable under § 1983 in three situations: when the plaintiff
was injured pursuant to (1) an expressly adopted official policy; (2) a long-
standing practice or custom; or (3) the decision of a final policymaker. *See Ellins
v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citation omitted).

-21-

1    Defendants argue that Plaintiffs have not adequately alleged a policy or

2    practice by Orange County sufficient to establish *Monell* liability.  The pleading

3    standard for *Monell* liability is currently the subject of debate among district

4    courts in the Ninth Circuit.  The Ninth Circuit has long held that "[i]t is

5    improper to dismiss on the pleadings alone a section 1983 complaint alleging

6    municipal liability even if the claim is based on nothing more than a bare

7    allegation that the individual officers' conduct conformed to official policy,

8    custom, or practice."  *Shah v. Cty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir.

9    1986).  Defendants, however, argue that in the face of the Supreme Court's

10   holding that "a formulaic recitation of the elements of a cause of action will not

11   do" under Rule 12(b)(6), *Twombly*, 550 U.S. at 555, *Shah* no longer applies.

12   Defendants argue that instead the Court ought to apply a pleading test for *Monell*

13   liability fashioned by a another court in this district—*Johnson v. Baca*,

14   No. CV 13-04496 MMM (AJWx), 2013 WL 12131358, at *13 (C.D. Cal.

15   Sept. 24, 2013).[54]  However, the Ninth Circuit has never ratified, cited, or used

16   this test; moreover, only a minority of district courts within the Ninth Circuit

17   use this test.

18   The Ninth Circuit has expressly declined to find that *Twombly* and

19   *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), overrule *Shah.  See AE ex rel. Hernandez v.

20   Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  The Ninth Circuit has instead

21   described the requirements for stating a *Monell* claim under *Iqbal* and *Twombly* as

22   follows:

23       First, to be entitled to the presumption of truth, allegations in a

24       complaint or counterclaim may not simply recite the elements of a

25       cause of action, but must contain sufficient allegations of underlying

26       facts to give fair notice and to enable the opposing party to defend

27

28   [54]    Motion at 19.

-22-

1    itself effectively.  Second, the factual allegations that are taken as

2    true must plausibly suggest an entitlement to relief, such that it is not

3    unfair to require the opposing party to be subjected to the expense of

4    discovery and continued litigation.  This standard applies to *Monell*

5    claims.

6    *AE*, 666 F.3d at 637 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

7    The Court applies this standard to each claim against the County in turn.

8         **Claim 1:**  Gibson brings Claim 1 under § 1983 against Deputy Robinson,

9    Sheriff Barnes, and Orange County for allegedly failing to protect her from

10   violence from other inmates and for failing to respond to her grievances

11   concerning this attack.[55]  Gibson argues that her allegations that Defendants

12   failed to respond to her grievances, and that Defendants have allowed other non-

13   party inmates to die, suffice to aver a policy or custom of failing to respond to

14   grievances.[56]  The Court disagrees.  Plaintiffs' broad assertion that Defendants

15   created official policies that violate Plaintiffs' rights does not include specific

16   allegations that Defendants have an official policy or longstanding practice of

17   failing to respond to grievances or of failing to protect inmates from violence.[57]

18        **Claim 2:**  Gibson brings Claim 2 against Orange County and Sheriff

19   Barnes for allegedly failing to operate a grievance system.  Gibson does not

20   specifically identify this claim as a § 1983 claim; however, because she cites no

21   law in this claim and asserts broadly in the Complaint that Defendants have

22   violated the Constitution,[58] the Court construes Claim 2 as a § 1983 claim.[59]

---

23

24   [55]    Complaint ¶¶ 16 & 20.

         [56]    Opposition at 9:17-19 (citing Complaint ¶¶ 4, 10, & 56).

25   [57]    *See* Complaint ¶ 10 (alleging Defendants' official policies).

26   [58]    *See id.* ¶ 4.

27   [59]    "Judges are not like pigs, hunting for truffles buried" in pleadings.  *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  The Court will not search for the truffles of Plaintiffs' claims that may be buried in future pleadings.  *See supra*

28   n. 43.

Defendants' alleged failure to provide a facility-wide grievance system is not an isolated act, but rather a policy or long-standing custom.  The Court therefore finds that Gibson has sufficiently alleged *Monell* liability in Claim 2.

**Claim 4:**  Kilroy and Powell bring Claim 4 against Orange County, Barnes, and Carillo under § 1983 for an alleged sexual assault that violated Kilroy's First Amendment right to privacy and Fourth Amendment right to freedom from excessive force.[60]

First, as a housekeeping matter, Claim *4* does not mention Powell anywhere other than the heading; Claim *8* concerns Powell's alleged sexual assault.  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own . . . ."  Fed. R. Civ. P. 12.  The Court will do so here.  On its own motion, the Court will **STRIKE** Powell from Claim 4.  Additionally, Plaintiffs' Opposition cites Eighth Amendment caselaw in support of Claim 4, but Claim 4 does not plead a violation of the Eighth Amendment.[61]  If Defendants violated Kilroy's Eighth Amendment rights, then Kilroy's counsel must allege that violation in the body of the Complaint.

The Court finds that Kilroy has sufficiently pleaded the existence of an official policy or longstanding practice of sexual assault.  First, Plaintiffs allege a longstanding practice of excessive force.[62]  Second, Plaintiffs have alleged a second similar sexual assault of Powell.  The Court therefore finds that Kilroy has sufficiently pleaded *Monell* liability with respect to Claim 4.

**Claim 8:**  Powell brings Claim 8 against Orange County, Barnes, a Sheriff Hutchens, and Thomas under § 1983 for an alleged sexual assault that violated

---

[60]    *Id.* ¶ 28.

[61]    *See* Opposition at 10:5-22.

[62]    Complaint ¶ 10.

his unspecified Fourteenth Amendment rights.  As discussed above, Plaintiffs have pleaded a pattern of sexual assault sufficient to allege *Monell* liability.

Sheriff Hutchens is not listed as a Defendant in the caption of the Complaint, as the Federal Rules require.  See Fed. R. Civ. P. 10(a). Additionally, Plaintiffs do not dispute Defendants' assertion that Sheriff Hutchens has not been served.[63]  The Court therefore will **STRIKE** Sheriff Hutchens from Claim 8.

**Claims 9, 10, and 11:**  Barela brings Claim 9 against Orange County and Barnes for an alleged denial of medical care in violation of his Fourteenth Amendment right to medical care; Claim 10 against Orange County and Barnes for alleged imposition of pain in violation of his First, Eighth, and Fourteenth Amendment rights; and Claim 11 against Orange County and Barnes for their alleged failure to provide immediately necessary medical care, in violation of unspecified rights.[64]  Claim 9 names § 1983 as the cause of action; Claims 10 and 11 do not.  However, because Barela cites the First, Eighth, and Fourteenth Amendments in Claim 10, cites no law in Claim 11, and asserts a general § 1983 claim,[65] the Court construes Claims 10 and 11 as § 1983 claims.  Barela expressly alleges that denial of inadequate medical care is a County policy.[66]  However, unlike the sexual assault claims discussed above, Barela offers no second victim to suggest that this infringement is a policy or pattern.  Additionally, unlike Gibson's allegations that the County has not implemented a grievance system, the denial of medical care is not the type of claim that is intrinsically systemic. The Court therefore finds that Barela has not alleged a policy or practice sufficient for *Monell* liability.

---

[63]   Motion at 23:6-8.

[64]   Complaint ¶ 48, 52, 55.

[65]   *See Id.* ¶ 12.

[66]   *Id.* ¶ 49.

The Court therefore will **GRANT-IN-PART** and **DENY-IN-PART** the Motion with respect to *Monell* liability and will dismiss Claims 1, 9, 10, and 11 with respect to Orange County **with leave to amend**.

### 2. <u>Rule 12(b)(6) Sufficiency</u>

The Court must now consider the sufficiency of the § 1983 allegations in Claims 1, 2, 4, 8, 9, 10, and 11 against Orange County; Sheriff Barnes; Deputies Thomas, Robinson, and Carillo; and the Doe Defendants.

**Claim 1:**  Remaining in Claim 1 are Gibson's claims against Barnes, Robinson, and the Doe Defendants for violation of the Eighth and Fourteenth Amendments.  Plaintiffs make a blanket allegation that all Doe Defendants acted under color of state law for the purposes of every claim alleged.[67]  However, nowhere in the Complaint do Plaintiffs allege that Barnes or Robinson acted under color of state law.  Certainly, such allegations are not in Claim 1, where they belong.  Without an allegation that a defendant acted under the color of state law, the Court cannot sustain a § 1983 claim.  The Court therefore will **DISMISS** Claim 1 with respect to Barnes and Robinson **with leave to amend**.  Plaintiffs bring Claim 1 against the Doe Defendants, but Plaintiffs do not allege that the Doe Defendants had any part in the events underlying Claim 1.  The Court therefore will **DISMISS** Claim 1 with respect to the Doe Defendants **with leave to amend**.

**Claim 2:**  Remaining in Claim 2 are Gibson's claims against Barnes, Orange County, and the Doe Defendants.  Nowhere do Plaintiffs allege that Barnes or Orange County acted under color of state law.  The Court therefore will **DISMISS** Claim 2 with respect to Barnes and Orange County **with leave to amend**.  For the Court to sustain Plaintiffs' § 1983 claim, Plaintiffs must allege that "a right secured by the Constitution or laws of the United States was

---

[67]     *Id.*

-26-

1  violated." *Long*, 442 F.3d at 1185.  Plaintiffs do not identify in Claim 2 any
2  federal law or constitutional right that requires a grievance system.  The Court
3  therefore will **DISMISS** Claim 2 with respect to the Doe Defendants **with leave**
4  **to amend**.

5      **Claim 4:**  Remaining in Claim 4 are Kilroy's claims against Orange
6  County, Barnes, Carillo, and the Doe Defendants.  Nowhere do Plaintiffs allege
7  that Barnes, Carillo, or Orange County acted under color of state law.  The
8  Court therefore will **DISMISS** Claim 4 with respect to Barnes, Carillo, and
9  Orange County **with leave to amend**.  Claim 4 does not identify any actions that
10  the Doe Defendants took.  The Court therefore will **DISMISS** Claim 4 with
11  respect to the Doe Defendants **with leave to amend**.

12      **Claim 8**:  Remaining in Claim 8 are Powell's claims against Barnes,
13  Orange County, Thomas, and the Doe Defendants.  Nowhere do Plaintiffs allege
14  that Barnes, Thomas, or Orange County acted under color of state law.[68]  The
15  Court therefore will **DISMISS** Claim 8 with respect to Barnes, Thomas, and
16  Orange County **with leave to amend**.  Claim 8 does not identify any actions
17  taken by the Doe Defendants.  The Court therefore will **DISMISS** Claim 8 with
18  respect to the Doe Defendants **with leave to amend**.

19      **Claim 9:**  Remaining in Claim 9 are Barela's claims against Barnes and the
20  Doe Defendants.  Nowhere do Plaintiffs allege that Barnes acted under color of
21  state law.  The Court therefore will **DISMISS** Claim 9 with respect to Barnes
22  **with leave to amend**.  Claim 9 does not identify any actions taken by the Doe
23  Defendants.  The Court therefore will **DISMISS** Claim 9 with respect to the Doe
24  Defendants **with leave to amend**.

25
26

27  _____

[68]  Plaintiffs allege that Thomas sexually assaulted Powell "[u]nder the guise
28  of a 'strip search.'"  Complaint ¶ 39.  Plaintiffs do not explain whether this was
an official strip search conducted under the color of state law.

**Claim 10**:  Remaining in Claim 10 is Barela's claim against Barnes. Nowhere do Plaintiffs allege that Barnes acted under color of state law.  The Court therefore will **DISMISS** Claim 10 with respect to Barnes **with leave to amend**.

**Claim 11:**  Remaining in Claim 11 are Barela's claims against Barnes and the Doe Defendants.  Nowhere do Plaintiffs allege that Barnes acted under color of state law.  The Court therefore will **DISMISS** Claim 11 with respect to Barnes **with leave to amend**.  Plaintiffs do not identify in Claim 11 any federal law or constitutional right that the Doe Defendants violated.  The Court therefore will **DISMISS** Claim 11 with respect to the Doe Defendants **with leave to amend**.

## V.  CONCLUSION

For the reasons discussed above, the Court will enter an Order **GRANTING** the Motion and **DISMISSING** the entirety of the Complaint, **with leave to amend in part**.  In view of that ruling, the Court need not reach Defendants' arguments regarding joinder.

**IT IS SO ORDERED.**

Dated: March 8, 2021

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE